UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) NO. 2:04-CR-78
)
MARC CRAIG )
)

# **O R D E R**

The defendant has filed an objection to the Report and Recommendation of the United States Magistrate Judge recommending the denial of the defendant's motion to suppress identification testimony. [Doc. 51].

The Court incorporates by reference its factual summary in its order regarding the defendant's other objection to the earlier Report and Recommendation. In addition, the Court adopts the factual findings of the United States Magistrate Judge in his Report and Recommendation. [Doc. 46].

The defendant asserts that the Court should suppress the testimony of Robert Armstrong, who participated in a "show-up identification" at the scene of the defendant's arrest. Mr. Armstrong, the branch manager at the bank which was robbed, was taken to the scene of the arrest approximately 20 minutes following the robbery. Defendant

argues that this identification procedure was so suggestive that it created a extreme likelihood of misidentification in violation of the defendant's right to due process.

To determine whether a pre-trial identification violates the defendant's Fifth Amendment due process rights, the court follows a two step analysis, determining first whether the identification procedure was suggestive, and if so, whether under the totality of the circumstances, the identification was nonetheless reliable. Under such an analysis, it must be determined whether the identification procedure is "unnecessarily suggestive and conducive to irreparable mistake in identification." *Stovall v. Denno*, 388 U.S. 293, 302 (1967). In considering the "totality of the circumstances", five factors must be weighed in determining the reliability of the identification:

> 1) The opportunity of the witness to view the perpetrator during the crime;
> 2) The witness' degree of attention to the perpetrator;
> 3) The accuracy of the witness' prior descriptions of the perpetrator;
> 4) The level of certainty demonstrated by the witness when identifying the suspect; and
> 5) The length of time between the crime and the identification.

*U.S. v. Crozier*, 259 F. 3d 503, 510 (6th Cir. 2001).

The manner in which this defendant was presented for identification, being viewed near the scene in handcuffs with the Tasmanian Devil hat, could certainly be considered suggestive. *See United States v. Thomas*, 116 Fed. Appx. 727, 730, 2004 W.L. 2756834

2

(6th Cir. 2004). However, under the totality of the circumstances, the identification is reliable.

As recognized by the United States Magistrate Judge, Mr. Armstrong had an opportunity to observe the defendant during the crime, Mr. Armstrong testified that, while he did not realize that a robbery had taken place until after the perpetrator left, he could tell from the teller's expression that something was amiss, and assumed that the person, whom he presumed a customer, had made a sexually-suggestive remark to the teller. Based upon this assumption, Mr. Armstrong made the point to walk behind the teller's counter and look at the customer/perpetrator. Mr. Armstrong also observed the perpetrator's clothing, and provided the police with a description both of the perpetrator and his vehicle, such that the arresting officer recognized that the defendant might be the perpetrator. When questioned about his identification of the defendant, Mr. Armstrong testified that he had no hesitation or any doubt when he was taken to the scene of the crime that Marc Craig was in fact the robber. Finally, the identification was achieved shortly after the incident, somewhere between 20 minutes and one hour following the robbery.

Having considered the above factors in light of the totality of the circumstances in this case, the Court is of opinion that the identification of the defendant is reliable.

Accordingly, the Report and Recommendation of the United States Magistrate

Judge is **ADOPTED** and **APPROVED**, and the defendant's motion to suppress identification testimony is **DENIED.** [Doc. 14].

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE