# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

UNITED STATES OF AMERICA      )
           )
v.                       )        NO. 2:04-CR-78
           )
MARC  CRAIG           )
           )

## __O R D E R__

Before the Court is the defendant's objection to the United States Magistrate Judge's Report and Recommendation, recommending that the defendant's motion to suppress evidence seized at the time of his arrest be denied.  [Doc. 50]. Defendant seeks suppression of evidence seized from him at the time of his arrest on grounds that the defendant was stopped without reasonable suspicion, subsequently arrested without probable cause, and therefore, all evidence seized as a result is "fruit of the poisonous tree."

After having reviewed the transcript of the proceedings before the United States Magistrate Judge, the Court FINDS that the United States Magistrate Judge's findings of fact, including his findings that the testimony of certain witnesses was more credible than that of others, is correct.  Accordingly, the Court

will merely set forth a brief summary of the facts necessary to establish the background  for discussion of the defendant's motion.

On November 3, 2004, the Washington County Bank was robbed by a lone white male wearing a red cap with the "Tasmanian Devil" or "Taz"  cartoon character, wearing a light colored shirt, and blue jeans.  The robber was observed by both the bank teller and the branch manager, Robert Armstrong.  After the robber left the building, Mr. Armstrong followed him at some distance until he lost sight of him somewhere in an adjoining parking lot.  Mr. Armstrong then noticed an older white Nissan automobile leaving the lot.  Mr. Armstrong continued to watch and saw no other vehicles leave the lot.

The Johnson City Police were contacted with the description of the robber and the vehicle observed by Mr. Armstrong.  Joe Harrah, an investigator with the Johnson City Police Department, having received the radio transmission regarding the robbery, immediately proceeded toward the bank.  Approximately five blocks from the bank,  Harrah noticed an older white Nissan pulling into the parking lot of a convenience store. A man wearing blue jeans and a gray tee shirt exited the vehicle and entered the convenience store.   The officer noticed that the man's hair was "matted" as if he had been wearing a hat.  While the man was in the convenience store,  Officer Harrah walked over to the Nissan and looked in it,

observing an open bottle of beer in the passenger seat.

When the defendant exited the convenience store, the officer asked him if he had any identification. The defendant answered affirmatively, but acted nervously, and began patting his pockets as if looking for identification. He produced none. The officer again asked for identification, but again none was produced by the defendant. Officer Harrah then mentioned the observed open bottle of beer and the "open container" law, but the defendant responded that he was unaware of that law. Officer Harrah asked the defendant to pour the beer out. In compliance, the defendant walked to the passenger side of his car and opened the door. As he did so, a hat fell out of the car onto the pavement bearing the image of the Tasmanian Devil cartoon character. The defendant picked the hat up and threw it back into the car, but apparently did remove the beer bottle and begin emptying it. Having seen the hat, coupled with the defendant's description, the white Nissan car, and close proximity to the bank, Officer Harrah ordered the defendant to lie upon the pavement, and then handcuffed him.

When Officer Harrah came upon a vehicle and driver matching the description the officer had received on the radio transmission, he clearly had specific and articulable facts which gave rise to reasonable suspicion that this was the individual that had been engaged in the criminal activity, as required by the

*Terry* Doctrine.  *See Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868 (1968); *See also*

*United States v. Hurst*, 228 F. 3d 751, 757 (6th Cir. 2000).    Further, at the very

least, having noticed an open container of beer in the defendant's vehicle, the

officer had grounds to detain the defendant.

Following the initial appropriate stop of the defendant, again taking into

consideration that the defendant matched the description on the radio transmission

received by the officer, the fact that the defendant was observed by the officer very

shortly after the robbery, and that this observation was a mere five blocks from the

scene of the robbery, coupled with the distinctive baseball cap, which the

defendant had apparently attempted to hide from the officer, the officer clearly had

probable cause to believe that Mr. Craig was indeed the bank robber described by

the bank employees.  Further, considering that the description given to the officer

indicated that the defendant was armed, the officer clearly acted appropriately with

probable cause in then drawing his weapon and proceeding with the arrest of the

defendant.

Following the arrest of the defendant, the search of the defendant's person

and his automobile resulting in the seizure of the stolen money and other evidence,

which search notably did not occur until after the positive identification of the

defendant by Mr. Armstrong, was merely an appropriate search incidental to a

lawful arrest.

The defendant makes much of alleged inconsistencies in the testimony of the officer and also the somewhat different version of a convenience store employee who testified to hearsay from an unavailable employee of the convenience store who actually witnessed the events. However, having reviewed the record, the Court can find no error in the Magistrate Judge's findings as to the credibility of the officer's testimony, the seeming inconsistencies, to the extent that they can even be liberally construed as inconsistencies, being very minor. Further, the testimony of the store clerk makes little sense, and must be tempered with the fact that such testimony is not a first hand account.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation of the United States Magistrate Judge is **ADOPTED** and **APPROVED**, and the defendant's motion to suppress is **DENIED**. [Doc. 12].

ENTER:

<u>s/J. RONNIE GREER</u>
UNITED STATES DISTRICT JUDGE

5